**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID RANSBY,** | ) | Case No. 1:09 CV 2155 |
| | ) | |
| Plaintiff, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | and |
| **JUSTIN FULLER, et al.,** | ) | **ORDER OF REMAND** |
| | ) | |
| Defendants. | ) | |

Before the Court in this twice-removed case are the following motions:

(1) Motion for Continuance of Case Management Conference filed by Defendants Cleveland Metropolitan School District and Justin Fuller (**ECF No. 6**);

(2) Motion to Remand filed by Plaintiff David Ransby (**ECF No. 7**); and

(3) Plaintiff's Motion for Sanctions under Rule 11 (**ECF No. 8**).

For the reasons to follow, the Motion to Remand is **GRANTED**, Plaintiff's Motion for Sanctions under Rule 11 is **DENIED**, and the District's Motion for Continuance of Case Management Conference is **DENIED AS MOOT**.

**I.**

On May 1, 2009, Plaintiff David Ransby commenced this action against the Defendants Cleveland Metropolitan School District (the "District") and Justin Fuller in the Court of Common Pleas, Cuyahoga County, Ohio, under Case No. CV-09-691683. Ransby, who has been employed by the District as a permanent cleaner for the past fourteen years, alleged that he

was subjected to seven months of sexual harassment, threats, solicitations and other inappropriate conduct by Defendant Kurtis Biddlecom, the Head Custodian of Ransby's four-man custodial unit, shortly after Biddlecom was transferred to the same school where Ransby worked in March 2008. Ransby complained about Biddlecom's conduct to Defendant Assistant Custodian Justin Fuller beginning in April 2008, and later to principal Sondra Powers (whom Ransby had asked to commence an investigation), to no avail. It was not until Ransby went directly to the District's Lead Custodian, Larry Battle, that the District launched an investigation. The investigation resulted in the removal of Biddlecom from the premises and the eventual termination of his employment by the District. According to the complaint, Defendant Fuller continues to subject Ransby to unwelcome harassment to this day by repeatedly and publicly mocking Ransby for being the object of Biddlecom's homosexual desires. Ransby states that, at no time during his fourteen years of employment, did the District ever provide him with training on sexual harassment, how to recognize it or how to report it.

Based on these allegations, Ransby filed this case in state court asserting the following claims: hostile environment sexual harassment in violation of 42 U.S.C. § 2000e *et seq*. ("federal claim" or "Title VII claim") (Count One), sexual harassment in violation of O.R.C. § 4112 *et seq*. (Count Two), and two counts of intentional infliction of emotional distress (Counts Three and Four). On May 11, 2009, Defendants removed the case to federal court based on the Court's subject matter jurisdiction over the sole federal claim, and supplemental jurisdiction over the three state-law claims. That case was numbered 1:09 CV 1079, and was transferred by random lot to the undersigned. (Case No. 1:09 CV 1079, ECF No. 1-2.)

When reviewing the complaint, the Court observed that, with respect to the Title VII claim, the complaint did not mention that Ransby had exhausted his administrative remedies or that he received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Timely filing of an administrative charge and obtaining a right-to-sue letter are statutory prerequisites to filing a civil action asserting a Title VII claim. *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387 (6th Cir. 2008) (holding, in light of *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006), that administrative exhaustion is a "statutory prerequisite" to filing a civil action asserting a Title VII claim). Consequently, the Court held a teleconference with counsel on May 12, 2009 to discuss this issue.

At that time, the Court ascertained that Ransby had filed an EEOC complaint in January 2009. The 180-day waiting period had not expired, nor had Ransby received a notice of right to sue. The Court offered to mediate the case before dismissing that claim and remanding the supplemental claims to state court. Counsel agreed to discuss the merits of mediation with their clients and to hold a followup teleconference with the Court on May 15, 2009.

During the May 15 teleconference, counsel informed the Court that the parties were too far apart in their positions to make mediation productive. Accordingly, they agreed to dismissal without prejudice of the federal claim and remand of this case to state court. The Court issued an order dismissing the federal claim without prejudice and remanding the supplemental claims to state court.

On September 17, 2009, the District removed the case to federal court again. As a basis for removal jurisdiction, the District asserted:

> On May 11, 2009, Defendants removed this case to federal court.
> The federal court dismissed Plaintiff's federal claim without

> prejudice on the basis that Plaintiff had failed to exhaust his
> administrative remedies in that the 180-day waiting period before
> the [EEOC] had not expired nor had Plaintiff received a Notice of
> Right to Sue. . . . The District Court thus remanded the case
> because Plaintiff had not yet received his right to sue letter. . . . On
> September 8, 2009, Plaintiff was issued his right to sue letter. . . .
> Thus, given the federal claim in the Complaint and the right to sue
> letter, this case is now removable to federal court. The Complaint
> alleges a federal question within this Court's original jurisdiction.

(ECF No. 1 ¶ 4 (omitting citations to exhibits).) The case was assigned by random lot to District Judge Solomon Oliver since the District failed to note on the Civil Cover Sheet that this was a refiled case. (See ECF No. 1-1, at 2; Local R. 3.1(b)(4).) After Plaintiff filed notice that the case had previously been assigned to me (ECF No. 3), the case was formally reassigned to me (ECF No. 4) after which I issued a Case Management Conference ("CMC") Scheduling Order setting a CMC in chambers on October 13, 2009 (ECF No. 5).

The District promptly filed the pending Motion to Continue Case Management Conference due to a scheduling conflict. (ECF No. 6.) This motion was immediately followed by Plaintiff's filing of the pending Motion to Remand and Motion for Sanctions under Rule 11. (Respectively, ECF Nos. 7, 8.)

In the Motion to Remand, Plaintiff argues that, although the EEOC had recently issued a right-to-sue letter, Plaintiff had elected <u>not</u> to refile the Title VII claim that was previously dismissed. Plaintiff asserts that he made the conscious decision not to refile the claim because litigation in state court was long and involved, discovery deadlines had been set and missed, a trial calendar had been established, a substantive motion was currently pending, and the state court had invested a significant amount of time and energy attempting to move the case along. Plaintiff asserts that, because he did not refile the dismissed federal claim, there was no

basis for removal jurisdiction. Accordingly, he seeks not only remand but, under 28 U.S.C. § 1447(c), the fees and costs incurred in preparing and filing the remand motion. Indeed, Plaintiff characterizes the District's conduct in removing this case as not only frivolous but specifically intended to delay the state court proceedings – motivating Plaintiff's decision to seek Rule 11 sanctions.

## II.

Upon review of these motions, the Court quickly convened a teleconference with counsel of record on September 29, 2009. At that time, Plaintiff's counsel confirmed that his client did not intend to refile the Title VII claim. Counsel for the District assumed that Plaintiff intended to refile the Title VII claim, demanded reassurance that Plaintiff would not refile the claim and asked the Court to dismiss the claim with prejudice. The Court declined to do so. The Court informed counsel that, since there was no basis for original subject matter jurisdiction in federal court, removal was improper and the Court intended to remand the case.

The Court notes that, once a claim is dismissed, it remains dismissed pursuant to the law-of-the-case doctrine until such time as the plaintiff decides to refile it. *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation."). Issuance by the EEOC of a right-to-sue letter does not automatically trigger the refiling of a dismissed claim. Nor does a defendant's assumption that the plaintiff intends to refile such claim constitute the refiling of that claim. Since there is no federal claim in this case, the Court finds that there was no basis upon which to remove it. Accordingly, the Court grants the Motion to Remand.

Plaintiff seeks attorney's fees under 28 U.S.C. § 1447(c) for improper removal of the case, and sanctions under Rule 11 for frivolous, dilatory removal.

"Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "[A]n award of costs, including attorney fees, is inappropriate where the defendant's attempt to remove the action was 'fairly supportable,' or where there has not been at least some finding of fault with the defendant's decision to remove." *Bartholomew v. Town of Collierville*, 409 F.3d 252, 255 (6th Cir. 1997); *Taylor Chevrolet Inc. v. Medical Mut. Services LLC*, 306 Fed. App. 207 (6th Cir. 2008).

"Rule 11 places an obligation on all attorneys 'to conduct a reasonable inquiry into the law and facts before signing pleadings, written motions, and other documents.'" *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 400-401 (6th Cir. 2009) (citing Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments)). "If an attorney fails to meet this obligation, . . ., he is subject to sanctions sufficient to meet the deterrent goals of Rule 11." *Id.* Sanctions are appropriate when "an attorney . . . intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

These parties have been litigating this case since May 2009. One can only wonder why the District's counsel would not just pick up the telephone once he received notice of the right-to-sue letter and call Plaintiff's counsel to inquire whether Plaintiff intended to refile the dismissed federal claim. At the same time, Plaintiff's counsel should have called defense counsel and let them know that his client did not intend to refile the federal claim despite the

issuance of the right-to-sue letter. Although one could interpret the District's conduct in removing this case as unreasonable, the Court finds that Plaintiff has not shown that the District lacked an objectively reasonable basis for seeking removal that would justify an award of fees and costs under § 1447(c). The Court also finds that Plaintiff has not shown the District intentionally abused the judicial process or knowingly disregarded the risk that its actions would needlessly multiply proceedings under Rule 11. Accordingly, the Court declines to award attorney's fees to the Plaintiff under § 1447(c), and denies the Motion for Sanctions under Rule 11.

### III.

For the foregoing reasons, the Motion to Remand (**ECF No. 7**) is **GRANTED**, and Plaintiff's Motion for Sanctions under Rule 11 (**ECF No. 8**) is **DENIED**. Accordingly, the undersigned hereby **ORDERS** the Clerk of Court to **REMAND** this case to the state court from which it was removed.

Based on these rulings, the Motion for Continuance of Case Management Conference filed by Defendants Cleveland Metropolitan School District and Justin Fuller (**ECF No. 6**) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     October 1, 2009*
**Dan Aaron Polster**
**United States District Judge**